Oscar A. Arnaud and Norma Arnaud v. Commissioner.
Arnaud v. Commissioner
Docket No. 2216-67.
United States Tax Court
T.C. Memo 1968-290; 1968 Tax Ct. Memo LEXIS 8; 27 T.C.M. (CCH) 1541; T.C.M. (RIA) 68290; December 19, 1968, Filed Paul A. Tscholl, 2220 Chadfront Dr., Richmond, Va., for the petitioners. Ralph F. Keister, for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: A deficiency in the income tax of petitioners for the taxable year 1965 has been determined by the Commissioner in the amount of $535.63. The only question to be decided is whether the respondent has erred in adding to petitioners' reported gross income the amount of $3,600 excluded by them as an amount received as a fellowship grant under section 117 of the Internal Revenue Code of 1954. [Findings of Fact] The stipulated facts are so found. Petitioner (hereinafter referring to Oscar A. Arnaud) and his wife Norma, at the date of filing of the petition herein, resided in Richmond, Virginia. They filed their joint *9 1542 income tax return for the taxable year 1965 with the district director of internal revenue at Cleveland, Ohio. During 1964 and 1965, petitioner was a licensed medical doctor. On May 16, 1964, the petitioner entered into a contract with the Maumee Valley Hospital, Toledo, Ohio, appointing him to the position of first year resident in internal medicine. The contract was for a period of one year beginning July 1, 1964, and ending June 30, 1965. The financial compensation designated therein was $335 per month plus maintenance. On May 7, 1965, the petitioner entered into a contract with Maumee Valley Hospital appointing him to the position of second year resident in internal medicine. The contract was for a period of one year beginning July 1, 1965, and ending June 30, 1966. The salary designated therein was $350 per month plus maintenance. Additionally, the contract provided 2 weeks' vacation per annum. Maumee Valley Hospital is county-operated, supported by tax levy, and its main purpose is to care for the indigent patients of Lucas County, Ohio. Eighty percent of the hospital's patients are charity patients. Petitioner was not a candidate for a degree while employed *10 at Maumee Valley Hospital. During 1965, he received a total salary of $5,893.01 from the hospital. On his 1965 Federal income tax return he claimed an exclusion from gross income of $3,600 with respect to the salary received from Maumee Valley Hospital on the ground that the salary was a fellowship grant. Ultimate Findings The primary purpose for the operation of Maumee Valley Hospital was the care and treatment of patients. The arrangement between petitioner and the hospital for the year 1965 did not constitute a fellowship. Amounts paid petitioner by the hospital for that year were as compensation for services rendered by him to the hospital. Opinion The burden of bringing himself within the excludability provisions of section 117, I.R.C. 1954, is squarely upon petitioner. He has failed to carry that burden. It is stipulated and we have found as fact that the amounts excluded from income by petitioner were a portion of what was paid to him by Maumee Valley Hospital as "compensation" and "salary." As such, the amounts excluded are consistent with employment by an employer and inconsistent with the concept of a grant incident to a fellowship. Petitioner *11 claims the right to exclude $300 per month of such payments under section 117(a)(1)(B)[1] not as a candidate for a degree. A fellowship is defined generally by section 1.117-3, Income Tax Regs., as "an amount paid or allowed to, or for the benefit of, an individual to aid him in the pursuit of study or research." Under section 1.117-4(c) (2), Income Tax Regs., even such amounts are not to be considered as fellowship grants if they are nevertheless for services rendered subject to the supervision of the grantor thereof or the studies or research pursued are primarily for the grantor's benefit. We do not have the benefit here of the testimony of the petitioner and therefore do not know the history of his medical practice prior to 1965, the nature of his duties at the hospital, and generally whether he was provided with instruction, or the amount thereof, in comparison with *12 medical services he may have rendered to the hospital. It is true that an administrator testified to the operation of the hospital's residency and internship programs and its general method of teaching, but we are unable to determine whether such testimony has any application to petitioner or not. Each of these cases must be decided on the basis of its own peculiar facts. Chandler P. Bhalla, 35 T.C. 13. Had petitioner testified, it may be that he would have substantiated respondent's contention that his duties were carried out primarily for the benefit of the hospital and that the benefits he received through instruction in the specialty of internal medicine was incidental to the services rendered by him to the hospital. We so find. Wichita Terminal Elevator Co., 6 T.C. 1158, affd. 162 F. 2d 513 (C.A. 10). The issue before us is not novel, having been considered and decided in Ethel M. 1543 Bonn, 34 T.C. 64; Woddail v. Commissioner, 321 F. 2d 721 (C.A. 10), affirming a Memorandum Opinion of this Court; and Howard Littman, 42 T.C. 503, each of which was decided in favor of respondent's contention. *13 In each case, decision turned, not on the purpose of the petitioner to obtain training, but rather upon whether or not the payor made payments to the taxpayer for services rendered. To arrive at that decision, recourse was had to the principle contained in section1.117-4(c)(2), Income Tax Regs., i.e., was what the taxpayer did to receive the payments primarily to aid him in learning or, on the other hand, was what he did primarily for the benefit of the payor. These cases also support the position of respondent that the primary purpose and function of the payor is indicative of the correct answer to the questions posed above. Petitioner contends in essence that we have gone too far in the cited cases and that respondent's regulations go beyond the framework of section 117, his contention being that the primary function of the hospital, to care for and treat patients, is not controlling, provided it incidentally carried on a training program. He cites cases in support of this proposition which are distinguishable from this case and do not support his position. In Wrobleski v. Bingler, 161 F. Supp. 901 (W.D. Pa.), the District Court found as a *14 fact that the paying institution was primarily a training institution. Petitioner has here stipulated that the primary function of the payor was the care of patients. The other cases cited were decided by juries and, because no facts are disclosed therein, do not have precedential value. Decision will be entered for the respondent. Footnotes
1. SEC. 117. SCHOLARSHIPS AND FELLOWSHIP GRANTS. (a) General Rule. - In the case of an individual, gross income does not include - (1) any amount received - * * * (B) as a fellowship grant, including the value of contributed services and accommodations;↩