Dee L. Fuller and GeorgAnna Fuller v. Commissioner.
Fuller v. Commissioner
Docket No. 6387-70 SC.
United States Tax Court
T.C. Memo 1971-259; 1971 Tax Ct. Memo LEXIS 74; 30 T.C.M. (CCH) 1116; T.C.M. (RIA) 71259; October 5, 1971, Filed. Dee L. Fuller, pro se, 413 W. Sample, Fresno, Calif.Jonathan A. Brod, for the respondent. FAY
Memorandum Findings of Fact and Opinion FAY, Judge: Respondent determined a deficiency in petitioners' Federal income tax for 1967 in the amount of $249.75. The only issue to be decided is whether petitioner, Dee L. Fuller, is entitled to exclude the sum of $1,000 from gross income for 1117 1967 as a scholarship or fellowship grant pursuant to the provisions of section 117, Internal Revenue Code of 1954, [1] and regulations promulgated thereunder. Findings of Fact Some of the facts have been stipulated and are, together with the exhibits attached to the stipulation, incorporated herein by this *75 reference. Dee L. and GeorgAnna Fuller are husband and wife and filed a joint income tax return for 1967 with the Internal Revenue Service Center, Ogden, Utah. During the year in question they resided in Bountiful, Utah. At the time of filing the petition herein, they resided in Fresno, California. GeorgAnna Fuller is a party to this action solely by virtue of having filed a joint return; consequently, Dee L. Fuller will hereinafter be referred to as petitioner. Petitioner entered the private practice of medicine in 1961 in Baker, Oregon. He continued as a general practitioner of medicine until 1967 when he applied and was admitted as a resident in obstetrics and gynecology at the University of Utah Affiliated Hospitals. Petitioner undertook the residency in order to become a specialist in obstetrics and gynecology. He had been informed by the American Board of Obstetrics and Gynecology, the certifying agency, that completion of an approved residency was necessary to acquire board certification. The residency entered into by petitioner qualified as an approved residency. Petitioner served as a resident at the University of Utah Affiliated Hospitals from September 27, 1967, until *76 September 26, 1969. His workweek was inordinately long, frequently extending to 125 hours per week. His duties included supervision of medical students and interns, examination, diagnosis and treatment of hospital patients, preparation of patient histories, prescription of drugs, performance of surgery, and emergency consultation. Petitioner attended classes eight hours per week. Petitioner was not a licensed physician in the State of Utah; however, it was not required that he be licensed to perform his duties. During his residency petitioner received both a stipend and some fringe benefits. The beginning stipend amounted to $4,800 per year and was to increase periodically depending on the length of petitioner's time of service and his level of responsibility. The amount paid to petitioner in no way depended on financial need. Payments were made via a University of Utah payroll check with amounts for Federal and stat income taxes and social security taxes withheld. The fringe benefits consisted of sick leave, two weeks' vacation leave, limited late night meals, uniforms, drugs for personal use, and free hospitalization at the University Hospitals for himself and his family. During *77 his period of residency, petitioner received an educational assistance allowance from the Veterans Administration. Opinion The only question before us is whether the amounts received by petitioner during his residency are excludable from gross income as a scholarship or fellowship within the provisions of section 117. [2] To be entitled to exclusion under this section it is necessary that the stipend paid to the individual be for the purpose of aiding him in the pursuit of study or research. Income Tax Regs., section 1.117-3(c); Bingler v. Johnson, 394 U.S. 741 (1969). The same regulation precludes scholarship or fellowship treatment for any amount paid to an individual as compensation for services or which enables him to pursue studies primarily for the benefit of the grantor. We have held on prior occasions that amounts received by a doctor fulfilling a residency requirement in pursuit of a career objective, are for services rendered to the hospital and not a fellowship. Irwin S. Anderson, 54 T.C. 1547 (1970); Aloysius J. Proskey, 51 T.C. 9181118 (1969); see also Woddail v. Commissioner, 321 F. 2d 721 (C.A. 10, 1963), affirming *78 a Memorandum Opinion of this Court. Nothing in the instant case causes it to be distinguishable from the above-cited cases. Here, as in Proskey, we have no doubt that the educational benefits received by petitioner were substantial. At the same time, however, any such benefits were incidental to the services performed for the hospital and the amounts received therefor were compensatory in nature. [3]
*79 That petitioner received financial assistance from the Veterans Administration is inapposite. The statute under which such benefits are awarded provides that a veteran seeking "an educational, professional, or vocational objective at any educational institution * * * as a student or trainee in any field" will be eligible for an allowance. 38 U.S.C. chapter 34, section 1670. Qualifying under such a broad statute does not lead, a fortiori, to the conclusion that any benefits received from the educational institution are in the nature of a fellowship. Where, as in the instant case, payments are received for services, the fact that the recipient in rendering the services simultaneously receives training qualifying for assistance from the Veterans Administration, does not convert compensation into a scholarship. Acquiring a doctorate degree is an equally acceptable objective for Veterans Administration educational assistance. Where one in pursuit of a Ph. D. degree receives a stipend that is primarily compensation for services, this Court has refused to allow scholarship treatment. See Edward A. Jamieson, 51 T.C. 635 (1969). Likewise, petitioner's enrollment *80 in a program supported by the Veterans Administration does not indicate that his residency stipend constituted a fellowship. Decision will be entered for the respondent. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954.↩
2. Sec. 117 provides: SEC. 117. SCHOLARSHIPS AND FELLOWSHIP GRANTS. (a) General Rule. - In the case of an individual, gross income does not include - (1) any amount received - (A) as a scholarship at an educational institution (as defined in section 151(e)(4)), or (B) as a fellowship grant, including the value of contributed services and accommodations; and (2) any amount received to cover expenses for - (A) travel, (B) research, (C) clerical help, or (D) equipment, which are incident to such a scholarship or to a fellowship grant, but only to the extent that the amount is so expended by the recipient. ↩
3. The position of a resident physician is closely analogous to that of an attorney serving as a judge's law clerk. In both situations the education received and experience acquired are valuable, and in some cases necessary, in carrying out one's professional goals. At the same time, however, the education and experience enjoyed by both are clearly secondary to the performance of services for the employer involved and neither should be accorded scholarship treatment for compensation received.↩