REYNALDO N. SOTOMAYOR and ADORACION P. SOTOMAYOR, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Sotomayor v. Commissioner
Docket No. 1801-78.
United States Tax Court
T.C. Memo 1979-466; 1979 Tax Ct. Memo LEXIS 58; 39 T.C.M. (CCH) 526; T.C.M. (RIA) 79466; November 26, 1979, Filed Reynaldo N. Sotomayor and Adoracion P. Sotomayor, pro se. Avery Cousins, III, for the respondent. QUEALY
MEMORANDUM OPINION QUEALY, Judge: Respondent determined a deficiency in income tax due from petitioners for the taxable year 1974 in the amount of $2,111. The only question for decision is whether petitioners may each exclude from income payments totaling $9,550 received from the Veterans Administration. All of the pertinent facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Reynaldo N. Sotomayor and Adoracion *59 P. Sotomayor, husband and wife, jointly filed an income tax return for the taxable year 1974. At the time of filing the petition herein, petitioners resided in Macclenny, Florida. The petitioners are both natives of the Phillippine Islands and were licensed physicians there. Dr. Reynaldo N. Sotomayor came to the United States in 1968 and Dr. Adoracion P. Sotomayor came to the United States in 1971. Both secured employment at a state hospital in West Virginia, where their duties involved the treatment of mentally disturbed patients. In July 1974, each of them received an appointment by the Veterans Administration as first year resident physicians. As such, they were assigned to the VA Hospital in Tampa, Florida. At the same time, they received appointments from the University of South Florida as clinic associates in the department of psychiatry. Following their appointment in July 1974, the petitioners performed services essentially similar to those performed by other doctors in the psychiatry service of the VA Hospital. They had the same duty hours and their salaries were determined by the VA without regard to their financial needs. They had sick and annual leave privileges. *60 The Veterans Administration filed W-2 forms for them showing that each was paid $4,774.76 and that Federal income taxes were withheld thereon. In their individual joint return, petitioners both excluded the amounts paid to them by the Veterans Administration as a "stipend." Section 117(a)(1)(B) [1] provides for the exclusion as a "fellowship grant" of amounts paid by an instrumentality or agency of the United States, subject to certain limitations and conditions. Petitioners fail to meet those limitations and conditions in that it is clear that the amounts received by them were paid for services rendered to the VA Hospital and did not constitute a "fellowship grant" as that term has been defined. See section 1.117-3(c), Income Tax Regs.[2]
Section 1.117-4(c) of respondent's regulations limits the definition *61 of "scholarship" and "fellowship" so as to exclude from the benefits of the statute amounts received as compensation. This exclusion was upheld in Bingler v. Johnson,394 U.S. 741 (1969). Both prior to and subsequent to the decision of the Supreme Court in the Bingler case, that has been the rule in this Court. Similar grants by the Veterans Administration to enable psychiatrists to serve a residency in either VA Hospitals or other hospitals designated by the agency have been held to be taxable. Woddail v. Commissioner,321 F.2d 721 (10th Cir. 1963), affg. T.C. Memo 1962-232; Bonn v. Commissioner,34 T.C. 64 (1960). [3]
We are not here concerned with the question whether and to what extent the compensation received by petitioners would have been excludable under section 117 if either of them had been a candidate for a degree. Cf. Chesmore v. Commissioner,T.C. Memo 1974-271; Wells v. Commissioner,40 T.C. 40 (1963). It should also be noted that pursuant to section 117(b)(2)(B), the exclusion is limited to *62 $300 times the number of months for which the taxpayer received the grant. Gnoring this limitation, both petitioners excluded the full amount paid to them by the Veterans Administration. Since respondent has not elected to determine any additions to the tax for the deliberate disregard of the statute in this case, none will apply. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated,all statutory references are to the Internal Revenue Code of 1954, as amended. ↩
2. It should be noted that similar grants to Philippine nationals under the United States Inforation and Educational Exchange Act of 1948, 22 U.S.C. 1446, were held not to be excludable in Rev. Rul 56-101, 1956-1 C.B. 89↩.
3. Taylor v. Commissioner,T.C. Memo 1972-20↩.