NEIL M. and DALE B. FLYNN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Flynn v. Commissioner
Docket No. 3489-80.
United States Tax Court
T.C. Memo 1981-541; 1981 Tax Ct. Memo LEXIS 202; 42 T.C.M. (CCH) 1179; T.C.M. (RIA) 81541; September 24, 1981. Neil M. Flynn, pro se. Donna I. Epstein, for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined a deficiency in petitioners' income tax for the calendar year 1975 in the amount of $ 858. The only issue for decision is whether petitioners are entitled to exclude under the provisions of section 117 [1] from their income any portion of the stipend received by Neil M. Flynn in 1975 from Loma Linda University Medical Center as a scholarship or fellowship grant and, if so, the amount of the exclusion to which they are entitled. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioners, husband and wife, who resided in Sacramento, California, at the time of the filing of their petition in this case, filed a joint Federal income tax return for the calendar year 1975 with the Fresno Service Center, Fresno, California. During the year 1975 Neil M. Flynn (petitioner) performed duties as a resident *204 physician at Loma Linda University Medical Center (Loma Linda). Petitioner graduated from Ohio State University Medical School in June of 1972 and served a one-year internship at Loma Linda from June of 1972 until June of 1973. After completing his internship, he applied for a residency in internal medicine and was accepted by Loma Linda in this residency program. In late May 1973 petitioner entered into an agreement with Loma Linda which provided that the hospital appointed petitioner to its internal medicine service and agreed to pay him a monthly stipend payable every two weeks. The agreement also provided that petitioner would be furnished meals while on duty at the hospital, uniforms and uniform laundry service, allowed 10 days of vacation per year and holidays, furnished with professional liability insurance and hospitalization insurance, and allowed sick leave up to 10 days a year. Petitioner agreed to perform satisfactorily and to the best of his ability the usual and customary services of a physician appointed to the internal medicine service, to conform to hospital rules, regulations, and procedures including prompt completion of medical records and not to engage in *205 outside employment or professional activity without the prior approval of the program director of the service. From the time petitioner commenced his three-year residency at Loma Linda up through the year here in issue, petitioner performed physical examinations of patients, kept patient medical records, and prescribed drugs and treatments for patients. Loma Linda was chartered as both a teaching facility and a facility to service and care for patients. The patients that petitioner cared for were the patients of the attending physician and petitioner's work was done under the supervision of the attending physician. The hospital and the attending physician billed the patients who were treated at Loma Linda by petitioner and petitioner's payment came through his stipend from the hospital. The amount of the stipend paid petitioner by Loma Linda was determined without regard to petitioner's needs or the size of his family. The amount of supervision petitioner received from the attending physician depended upon the y type of treatment being given the patients. As a resident at Loma Linda petitioner was required to serve a certain amount of time in the hospital emergency room. While *206 manning the emergency room, petitioner generally was not under the supervision of an attending physician although such a physician was on call if petitioner considered it necessary to consult with him. The work done by petitioner in the hospital was necessary care for patients and had this work not been done by petitioner, it would have been necessary for the hospital to have the work done by other physicians. After serving three years as a resident in internal medicine, petitioner was awarded a certificate of satisfactory completion of his residency. This certificate permitted petitioner to sit for the examination given by the American Board of Internal Medicine (ABIM) and upon his successful completion of that examination he was certified by ABIM as qualified in the specialty of internal medicine. ABIM requires that a physician have 36 months of residency training in internal medicine before he is permitted to take the examination and is awarded a certificate as a specialist in internal medicine. The stipend paid to petitioner by Loma Linda for the year 1975 was $ 14,000. In addition to this $ 14,000 petitioner was paid $ 5,088.39 by Loma Linda for work he did in the emergency *207 room in hours he was not on duty under his residency commitment. Petitioner referred to his amount as pay for "moonlighting" in the emergency room. On the Form W-2 issued to petitioner by Loma Linda there was excluded from the amount reported as his compensation the amount of $ 3,600. Respondent in his notice of deficiency increased petitioner's income as reported by this $ 3,600. Petitioner at the trial claimed that he was a candidate for a degree at Loma Linda and therefore was entitled to an exclusion from income under section 117 in excess of $ 3,600. OPINION Section 117(a) [2] provides for the exclusion from gross income of an amount received as a scholarship at an educational institution or as a fellowship grant. Section 117(b) provides that in the case of an individual who is a candidate for a degree at an educational institution subsection (a) shall not apply to that portion received from teaching, research, and other services in the nature of part-time employment required as a condition to receiving the scholarship or fellowship grant. This section further provides that in the case of an individual who is not a candidate for a degree the exclusion provided by subsection *208 (a) shall be limited to $ 300 times the number of months for which the recipient received amounts under the scholarship or fellowship grant during such taxable year. Section 1.117-4(c), Income Tax Regs., provides that amounts paid as compensation to an individual to enable him to pursue studies or research shall not be considered as a scholarship or fellowship grant -- *209 if such amount represents either compensation for past, present, or future employment services or represents payment for services which are subject to the direction or supervision of the grantor. This regulation has been upheld as being an appropriate interpretation of the provisions of section 117. Bingler v. Johnson, 394 U.S. 741 (1969). In our view the record here clearly shows that petitioner was being paid for the services he rendered to Loma Linda. His contract with the hospital shows that he was to render services and his own testimony specified in considerable detail the nature of the services he rendered. In our view the record here amply demonstrates that the stipend paid to petitioner by Loma Linda was not a scholarship or fellowship grant within the meaning of section 117. As we have pointed out in a number of cases, the fact that a resident physician does not have primary responsibility for the care of patients but works under the supervision of a staff physician is not inconsistent with the conclusion that the amount paid to him is compensation. Brubakken v. Commissioner, 67 T.C. 249, 257 (1976), and cases there cited. We *210 have also held that the fact that a resident physician performs necessary services for the patients assigned to him is indicative of the payment being compensation for services. Fisher v. Commissioner, 56 T.C. 1201, 1215 (1971). Also the fact that petitioner received fringe benefits of the type ordinarily received by employees indicates that petitioner was being compensated for services rendered. Woddail v. Commissioner, 321 F.2d 721 (10th Cir. 1963), affg. a Memorandum Opinion of this Court. There receipt by petitioner of such benefits as paid vacation, sick leave, uniform and laundry services, and health insurance are indicative that the payment he received was compensation. The fact that the payment was made without regard to the financial need of the resident physician likewise indicates that the payment is compensation. Weinberg v. Commissioner, 64 T.C. 771 (1975). See also Meek v. United States, 608 F.2d 368, 372 (9th Cir. 1979). Considering the statute and regulations and the holdings of numerous cases involving stipends paid to resident physicians as applied to the facts in this case, we conclude that *211 no part of the $ 14,000 stipend paid to petitioner was a scholarship or fellowship grant excludable under section 117. Because of our conclusion that no part of the stipend received by petitioner was a scholarship or fellowship grant, it is unnecessary for us to reach petitioner's contention that he was a candidate for a degree at Loma Linda and therefore was entitled to exclude his entire stipend from his income. However, we might state that the facts here with respect to the nature of the certificate which was granted to petitioner by Loma Linda entitling him to take the examination given by ABIM to qualify for a specialty in internal medicine are almost identical to the facts in numerous other cases in which we have held that the resident physician ws not a candidate for a degree. Cf. section 1.117-3(e), Income Tax Regulations.
Decision will be entered for the respondent. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue.↩
2. Sec. 117 provides as follows: SEC. 117. SCHOLARSHIPS AND FELLOWSHIP GRANTS. (a) General Rule. -- In the case of an individual, gross income does not include -- (1) any amount received -- (A) as a scholarship at an educational institution (as defined in section 151(e)(4)), or (B) as a fellowship grant, including the value of contributed services and accommodations; and (2) any amount received to cover expenses for -- (A) travel, (B) research, (C) clerical help, or (D) equipment, which are incident to such a scholarship or to a fellowship grant, but only to the extent that the amount is so expended by the recipient. (b) Limitations. -- (1) Individuals who are candidates for degrees. In the case of an individual who is a candidate for a degree at an educational institution (as defined in section 151(e)(4)), subsection (a) shall not apply to that portion of any amount received which represents payment for teaching, research, or other services in the nature of part-time employment required as a condition to receiving the scholarship or the fellowship grant. If teaching, research, or other services are required of all candidates (whether or not recipients of scholarships or fellowship grants) for a particular degree as a condition to receiving such degree, such teaching, research, or other services shall not be regarded as part-time employment within the meaning of this paragraph. (2) Individuals who are not candidates for degrees. -- In the case of an individual who is not a candidate for a degree at an educational institution (as defined in section 151(e)(4)), subsection (a) shall apply only if the condition in subparagraph (A) is satisfied and then only within the limitations provided in subparagraph (B). (A) Conditions for exclusion. -- The grantor of the scholarship or fellowship grant is -- (i) an organization described in section 501(c)(3) which is exempt from tax under section 501(a), (ii) a foreign government, (iii) an international organization, or a binational or multi-national educational and cultural foundation or commission created or continued pursuant to the Mutual Educational and Cultural Exchange Act of 1961, or (iv) the United States, or an instrumentality or agency thereof, or a State, a territory, or a possession of the United States, or any political subdivision thereof, or the District of Columbia. (B) Extent of exclusion. -- The amount of the scholarship or fellowship grant excluded under subsection (a)(1) in any taxable year shall be limited to an amount equal to $ 300 times the number of months for which the recipient received amounts under the scholarship or fellowship grant during such taxable year, except that no exclusion shall be allowed under subsection (a) after the recipient has been entitled to exclude under this section for a period of 36 months (whether or not consecutive) amounts received as a scholarship or fellowship grant while not a candidate for a degree at an educational institution (as defined in section 151(e)(4)).↩