669 F.2d 552
 Myron W. MIZELL; Karen L. Mizell; Jerry D. Kennett; Leah B.
Kennett; Zbigniew T. Lorenc; James Duane Nanson; Robert S.
Hoffman; Charles D. Gregorius; Carolyn M. Gregorius; John T.
Grandone; Gloria J. Grandone; Peter A. MacKercher, II;
William N. Baskin; Lewis C. Vollmar, Jr.; Howard J. Aylward,
Jr.; Dorothy E. Aylward; Curtis C. Blatz; Kathryn M. Blatz;
David R. Nichols; Betty J. Nichols; William T. Tatum;
Marilyn O. Tatum; and Robert M. Ross, Appellees,
v.
UNITED STATES of America, Appellant.
 No. 80-2079.
 United States Court of Appeals,
Eighth Circuit.
 Jan. 21, 1982.
 
 Appeal from the United States District Court for the Western District of Missouri.
 On Petition for Rehearing En Banc.
 The Court, having considered appellant's petition for rehearing 663 F.2d 772 and suggestions for rehearing en banc and being now fully advised in the premises, hereby orders the petition for rehearing and suggestions for rehearing en banc denied by an equally divided Court.
 BRIGHT, Circuit Judge, dissenting from the order denying a rehearing en banc.
 This court by an equally divided vote has denied a rehearing en banc. I write to express my view that an en banc hearing is justified, indeed, required, to decide as a matter of law whether taxpayers' claims ought to be accepted or rejected.
 The majority opinion in this case continues to rely chiefly on a "primary purpose" test despite the Supreme Court's discussion in Bingler v. Johnson, 394 U.S. 741, 89 S.Ct. 1439, 22 L.Ed.2d 695 (1969), indicating that the "primary purpose" provision of Treasury Regulation § 1.117-4 "is merely an adjunct to the initial 'compensation' provision(.)" 394 U.S. at 758 n.32, 89 S.Ct. at 1449 n.32. The main criterion for taxing stipends such as those at issue in this case is whether it constitutes compensation to the payee-taxpayer by the grantor-payor. See Leathers v. United States, 471 F.2d 856, 867-70 (8th Cir. 1972) (Bright, J., dissenting), cert. denied, 412 U.S. 932, 93 S.Ct. 2754, 37 L.Ed.2d 161 (1973).
 
 
 1
 Here, the majority asserts that "there are conflicting facts in this case indicative of compensation * * *." No direct conflict exists in the evidence offered by the Government and the taxpayers; rather, the conflict results from the inferences drawn from that evidence regarding the payments made to the taxpayers.
 
 
 2
 If the court applies the "primary purpose" test, and upholds the jury verdicts, it should so do as a matter of law because each taxpayer has established the right to exclude from income $3,600 of the annual stipend from the university. If compensation or quid pro quo determines taxability, however, a contrary result should follow and the taxpayers must include the full amount of the stipend as income. I indicated my support for the latter approach in my dissent in Leathers v. United States, supra. Numerous cases on this issue, both before Leathers and since, have required taxpayers to report such stipends in gross income. See, e.g., Rockswold v. United States, 620 F.2d 166 (8th Cir. 1980); Meek v. United States, 608 F.2d 368 (9th Cir. 1979); Parr v. United States, 469 F.2d 1156 (5th Cir. 1972); Hembree v. United States, 464 F.2d 1262 (4th Cir. 1972); Wertzberger v. United States, 441 F.2d 1166 (8th Cir. 1971); Quast v. United States, 428 F.2d 750 (8th Cir. 1970); Woddail v. Commissioner, 321 F.2d 721 (10th Cir. 1963); Rosenthal v. Commissioner, 63 T.C. 454 (1975); Fisher v. Commissioner, 56 T.C. 1201 (1971); and Proskey v. Commissioner, 51 T.C. 918 (1969).
 
 
 3
 Because the Supreme Court has never granted certiorari on this issue, physicians, tax attorneys, and the Government all remain uncertain about the tax liability on stipends paid to physicians during their residencies. Former Solicitor General Erwin N. Griswold cited this unsettled tax issue in advocating a National Panel of the United States Court of Appeals:
 
 
 4
 For example, last spring we filed a petition for certiorari in cases involving the question whether an intern in a hospital is an employee and taxable, or whether he is receiving a scholarship, a large part of which is not taxable. The Court denied certiorari, making it plain that it regards that as a jury question. Well, the result is that nobody can advise any intern; nobody can ever know what the rule applied is; no revenue agent can administer the law; no lawyer can tell the intern that you are or are not taxable until this has been taken and tried before some trier of the facts. Well, it seems to me that this simply ought to be a rule one way or another about interns who are doing the work of the hospital. My view would be that they are employees and are taxable, but I don't much care. (Proposal: The Creation of a National Panel of the U.S. Court of Appeals, The Third Branch, Dec. 1973, at 2.)
 
 
 5
 The petition for rehearing in this case describes the burden that this lingering tax problem poses for individual taxpayers and for the courts.
 
 
 6
 (I)t (is) virtually impossible for residents to know without litigation whether they owe taxes upon stipends paid them by the institutions in which they train. See 471 F.2d at 871. A survey by the Internal Revenue Service reveals that there are now pending administratively in this Circuit 1243 cases involving disputes totalling over 8 million dollars. With over 56,000 interns and residents in service nationwide during any one year, this decision has the potential for producing an avalanche of litigation, particularly of jury trials.
 
 
 7
 In the absence of a definitive ruling by the Supreme Court, this court should take the responsibility of adopting an appropriate legal test for tax liability in cases such as this. I cannot subscribe to the practice of submitting to a jury the ultimate question of tax liability as the district court did in this case. See Mizell v. United States, 663 F.2d 772 at 773 n.1 (8th Cir. 1981). This requires juries to apply the highly technical provisions of the Internal Revenue Code and the regulations thereunder to essentially undisputed facts. Juries can and often do reach contrary conclusions in cases presenting the same factual basis. Residency programs do not differ greatly among hospitals. Yet residents may or may not pay taxes on identical types of stipends depending on jury determinations. It seems a poor system that would allow opposite tax consequences between two essentially similarly situated taxpayers.
 
 
 8
 This court should take this opportunity to eliminate the confusion in ascertaining tax consequence caused by Leathers and the decision in the instant appeal. We should resolve, as a matter of law, the tax liability on stipends paid to resident physicians. Judges Ross, Henley, and McMillian agree with me that we should hear this case en banc.