IRWIN S. AND FRANCES H. ANDERSON, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 1451–70SC.     Filed July 28, 1970.

Irwin S. Anderson, pro se.
*John J. Weiler*, for the respondent.

[1] All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise stated.

OPINION

Petitioner served the first half of 1967 as an intern and the second half of the year as a resident in internal medicine at Freedmen's Hospital, Washington, D.C. It is his contention that $3,600 of the stipend that he received in that year is excludable as a fellowship grant under section 117(a)(1)(B). Respondent has determined that the stipend is fully taxable as compensation under section 61.

For the reasons discussed below, we sustain respondent's determination in this case.

Section 117 provides, in the case of an individual, that gross income does not include any amount received as a scholarship or fellowship grant. It is well settled that before the exclusionary provisions of section 117 become operative, it must first be established "that the payment sought to be excluded has the normal characteristics associated with the term 'fellowship.'" *Elmer L. Reese, Jr.*, 45 T.C. 407, 413 (1966), affirmed per curiam 373 F. 2d 742 (C.A. 4, 1967).

Section 1.117-3 of the Income Tax Regulations defines the term "fellowship grant" as "an amount paid or allowed to, or for the benefit of an individual to aid him in the pursuit of study or research." Whether a particular amount satisfies this general definition depends upon the nature of the activities carried on by the recipient. Section 1.117-4(c)[2] of the regulations provides that a payment will be consid-

---

[2] Sec. 1.117-4 Items not considered as scholarships or fellowship grants.

The following payments or allowances shall not be considered to be amounts received as a scholarship or a fellowship grant for the purpose of section 117 :

\*            \*            \*            \*            \*            \*            \*

(c) *Amounts paid as compensation for services or primarily for the benefit of the grantor.* (1) \* \* \* any amount paid or allowed to, or on behalf of, an individual to enable him to pursue studies or research, if such amount represents either compensation for past, present, or future employment services or represents payment for services which are subject to the direction or supervision of the grantor.

(2) Any amount paid or allowed to, or on behalf of, an individual to enable him to pursue studies or research primarily for the benefit of the grantor.

However, amounts paid or allowed to, or on behalf of, an individual to enable him to pursue studies or research are considered to be amounts received as a scholarship or

ered to be a fellowship grant for the purpose of section 117, if "the primary purpose of the studies or research is to further the education and training of the recipient in his individual capacity." If, however, a payment represents compensation for employment services or for services which are subject to the supervision of the grantor, it is not excludable as a fellowship grant.

In *Bingler* v. *Johnson*, 394 U.S. 741, 751 (1969), the Supreme Court approved the definitions contained in these regulations by stating that they "are prima facie proper, comporting as they do with the ordinary understanding of 'scholarships' and 'fellowships' as relatively disinterested, 'no-strings' educational grants, with no requirement of any substantial *quid pro quo* from the recipients."

In the case of *Aloysius J. Proskey*, 51 T.C. 918 (1969), we were faced with a situation strikingly similar to that present in the case before us now. Petitioner therein was a resident at University Hospital, Ann Arbor, Mich. He performed duties which were not unlike those performed by petitioner in the present case. He attempted to exclude $3,600 of the stipend he received for the year 1965 from income but the Commissioner determined that the total amount of the stipend for that year was includable as compensation for services under section 61.

Petitioner in *Proskey* maintained, as does petitioner in the present case, that his principal objective in the positions he held was to obtain training in his profession—to have the opportunity to consult with staff physicians on a variety of medical problems, and, inasmuch as the institution at which he was working was the teaching arm of the medical school, training of doctors was the primary purpose for these positions.

In upholding the Commissioner's determination in *Proskey* we said:

There can be no serious doubt that work as a resident physician provides highly valuable training, particularly in preparing for specialties in the various fields of medicine. Yet virtually all work as an apprentice, whether in medicine or law, carpentry or masonry, provides valuable training. Nothing in section 117 requires that an amount paid as compensation for services rendered be treated as a nontaxable fellowship grant, merely because the recipient is learning a trade, business, or profession. Whatever training petitioner received during the years of his residency—and we do not deny that it was substantial—was merely "incidental to and for the purpose of facilitating the *raison d'etre* of the Hospital, namely, the care of its patients." *Ethel M. Bonn*, 34 T.C. 64, 73 (1960) ; * * *

---

fellowship grant for the purpose of section 117 if the primary purpose of the studies or research is to further the education and training of the recipient in his individual capacity and the amount provided by the grantor for such purposes does not represent compensation or payment for the services described in subparagraph (1) of this paragraph. Neither the fact that the recipient is required to furnish reports of his progress to the grantor, nor the fact that the results of his studies or research may be of some incidental benefit to the grantor shall, of itself, be considered to destroy the essential character of such amount as a scholarship or fellowship grant.

The above reasoning is apposite to the facts in the present case.

The testimony of the Medical Director of Freedmen's Hospital indicated that, while the educational aspects of the hospital were important, the proper atmosphere for training interns and residents is to maintain the highest degree of care of the patients. By achieving a high degree of patient care, the hospital fosters the best possible educational atmosphere for members of the staff. Thus, the hospital's primary purpose is the care of patients, with the training of staff resulting as a natural corollary. It is the services rendered in the care of these patients for which petitioner receives the stipend in question.

The compensatory nature of the stipend is further evidenced by the fact that the staff member is eligible for paid vacation leave, the amount of which increases after a certain period of time. This "length of service" criteria for salary, as well as paid vacation leave, plus the eligibility for the fringe benefits which usually inure to an employee, are all indications that petitioner was performing services for the hospital in his capacity as intern and resident and the stipend received should properly be considered compensation for these services rendered.

Accordingly, on the basis of the foregoing discussion and our decision in *Proskey*, the respondent's determination is sustained.

*Decision will be entered under Rule 50.*