Bayard L. Moffit and Marilyn A. Moffit v. commissioner.
Moffit v. Commissioner
Docket No. 2699-71
United States Tax Court
T.C. Memo 1972-187; 1972 Tax Ct. Memo LEXIS 71; 31 T.C.M. (CCH) 910; T.C.M. (RIA) 72187; August 28, 1972
Bayard L. Moffit, pro se, 1675 N.W. South River Dr., Miami, Fla. Marlene Gross, for the respondent. STERRETT
Memorandum Findings of Fact and Opinion STERRETT, Judge: The Commissioner determined a deficiency in petitioners' Federal income tax for the calendar year 1968 in the amount of $581.23. The issues presented for our determination are: (1) Whether a stipend received by petitioner during 1968, while a resident at Jackson Memorial Hospital, Miami, Florida, constitutes a fellowship grant, partially excludable under section 117(a)(1)(B), Internal Revenue Code of 1954, [1] or is compensation *73 for services rendered to the hospital, taxable under section 61; and (2) whether petitioner may deduct as an ordinary and necessary business expense the amount incurred in purchasing meals while on extended duty at his hospital under section 162. Findings of Fact Some of the facts have been stipulated and are so found. The stipulation of facts, together with the exhibits attached thereto are incorporated herein by this reference. The petitioners, Bayard L. and Marilyn A. Moffit, are husband and wife, residing at the time of filing their petition herein at Miami, Florida. The petitioners filed their joint Federal income tax return for 1968 with the district director of internal revenue, Jacksonville, Florida. Marilyn is a party to this proceeding solely by virtue of having filed a joint income tax return and the designation "petitioner" will hereinafter refer only to Bayard. Petitioner graduated from medical school in 1964. He interned at the United States Naval Hospital, St. Albans, New York, and later became a flight surgeon in the Navy. Petitioner is licensed to practice *74 medicine in the state of Florida. In order to become "Board Certified" in his specialty petitioner began a 4-year residency in general surgery at Jackson 911 Memorial Hospital, Miami, Florida, on July 1, 1968. Jackson Memorial is owned and operated by Dade County and is affiliated with the University of Miami School of Medicine. The hospital is general in character and admits all types of patients. It has a capacity of 1,348 beds. Hospitalization and emergency care are provided for both private and staff (non-paying) patients. Outpatient clinics are held to provide care for staff patients. The hospital's primary concern is to give its patients the best possible care. During 1968 petitioner received a stipend of $432.42 per month, paid by Jackson Memorial and the University of Miami. The stipend increases over the 4 years as a resident becomes more experienced and hence more valuable to the hospital. The resident program enabled Jackson Memorial to provide quality patient care to a large segment of the population which would ordinarily be without it. Approximately 85 percent of a resident's time is consumed by patient care. To this end, petitioner would admit patients, prepare *75 case histories, make diagnoses, and prescribe treatment and medicine. He had both emergency room and surgical duties. Although ultimately responsible to the Chief of Surgery, petitioner was able to function independently in several areas, including the emergency room and certain patient floors. In addition to patient care, petitioner attended special lectures and conferences and did some research work. As a resident at Jackson Memorial, petitioner received fringe benefits in the form of free medical care, liability insurance, laundering of uniforms, and 2 weeks vacation. Federal income taxes were withheld from petitioner's stipend during 1968. An agreement executed by the hospital and petitioner stipulated that "Meals in kind are not furnished to Residents, but may be purchased at the Medical Center." Pursuant to his view of section 117(b) (2) (B), [2] petitioner excluded $1800 ($300 per month for 6 months) of his stipend from his Federal income tax return for 1968. *76 Petitioner often was required to be at the hospital for periods of 36 hours. During this time, he was required to sleep at the hospital and to eat meals nearby, in case an emergency required his services. Petitioner spent $60 per month on meals bought in the hospital or in nearby restaurants. Opinion The first issue for our determination is whether a portion of the amounts received by petitioner as a resident at Jackson Memorial Hospital was excludable from gross income as a fellowship grant within the meaning of section 117. Section 117 provides an exclusion from gross income of any amount received as a scholarship or fellowship grant. The proper reading of the statute requires that, in order for the exclusion to be viable, there must be a determination that the payment sought to be excluded has the normal characteristics of the term fellowship grant. Elmer L. Reese, Jr., 45 T.C. 407 (1966), affirmed per curiam 373 F. 2d 742 (C.A. 4, 1967). As the applicable regulation puts it, "A fellowship grant generally means an amount paid or allowed to, or for the benefit of, an individual to aid him in the pursuit of study or research. * * *" Sec. 1.117-3(c) *77 Income Tax Regs.
An amount paid to an individual to pursue his studies will not be considered a fellowship grant if it represents compensation for past, present or future services. Sec. 1.117-4(c) (1), Income Tax Regs. The Supreme Court has held that amounts paid by a grantor in a quid pro quo situation are not deemed to be within the purview of section 117. Bingler v. Johnson, 394 U.S. 741 (1969). However, if the primary purpose of the grant is to further the education and training of the recipient, then the amount can qualify as a fellowship. Sec. 1.117-4(c) (2), Income Tax Regs.
After a thorough analysis of the facts in the instant case, we have no hesitancy in holding that the amounts paid to petitioner represented compensation for his services. 912 Jackson Memorial Hospital existed primarily for the care and treatment of patients rather than being operated primarily for teaching and research. See Hembree v. United States, - F. 2d - (C.A. 4, 1972). The resident program at Jackson Memorial enabled the hospital to provide quality care for patients who would ordinarily be without it. The more experienced a resident became the larger the stipend he received. *78 Moreover, the hospital provided fringe benefits including 2 weeks vacation and withheld Federal income taxes from petitioner's salary. Petitioner's duties at the hospital covered the broad spectrum of patient care ranging from admitting patients to performing surgery. He also had a significant degree of independent judgment he could exercise on certain patien floors and while on emergency room duty. Not only did petitioner spend little time on things other than patient care, but he had not choice in the matter. A resident would be forced to resign if he did not perform his prescribed duties. These factors indicate compensation for services rather than funds to pursue study and research. Rundell v. Commissioner, 455 F. 2d 639 (C.A. 5, 1972), affirming a Memorandum Opinion of this Court; Irwin S. Anderson, 54 T.C. 1547 (1970); Aloysius J. Proskey, 51 T.C. 918 (1969). In Proskey, supra, where the taxpayer argued that the hospital was primarily educational, as does petitioner, this Court said: There can be no serious doubt that work as a resident physician provides highly valuable training, particularly in preparing for specialties *79 in the various fields of medicine. Yet virtually all work as an apprentice, whether in medicine or law, carpentry or masonry, provides valuable training. Nothing in section 117 requires that an amount paid as compensation for services rendered be treated as a nontaxable fellowship grant, merely because the recipient is learning a trade, business, or profession. Whatever training petitioner received during the years of his residency - and we do not deny that it was substantial - was merely "incidental to and for the purpose of facilitating the raison d'etre of the Hospital, namely, the care of its patients." Ethel M. Bonn, 34 T.C. 64, 73 (1960) * * *. We accordingly find that petitioner has provided Jackson Memorial Hospital with a valuable service in return for his stipend and does not qualify for the exclusion of section 117. [3]
The second issue to be adjudicated is whether petitioner may deduct the cost of meals purchased while *80 on extended duty at Jackson Memorial Hospital as an ordinary and necessary business expense under section 162(a). Petitioner is often assigned to the hospital for 36 hours periods. During this time he sleeps at the hospital, and eats either in the hospital or nearby in order to be available in an emergency. Since petitioner pays for his meals regardless of where eaten, he does not qualify for the exclusion of section 119. [4] Petitioner argues that since he must sleep at the hospital and dine in close proximity, he is entitled to deduct his expenditures for meals, much like a traveling salesman. Section 162(a) (2) provides a deduction for all ordinary and necessary "traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business." Both petitioner's residence and Jackson Memorial Hospital were *81 located in Miami, Florida. The meaning of "home" as used in the statute has been subject to much dispute among the courts. See Six v. United States, 450 F. 2d 66, (C.A. 2, 1971); Commissioner v. Flowers, 148 F. 2d 163 (C.A. 5, 1945) reversed on another issue 326 U.S. 465 (1946); Maurice M. Wills, 48 T.C. 308 (1967), affirmed 411 F. 2d 537 (C.A. 9, 1969), Floyd Garlock, 34 T.C. 611 (1960). However it is manifest that if one is employed in the same 913 community where he resides, he is not away from home within the purview of section 162(a) (2). Commissioner v. Flowers, supra, at 164. Ronald D. Kroll, 49 T.C. 557 562 (1968). Having removed meals from the special treatment afforded them when part of traveling expenses, meals are essentially personal expenditures and are nondeductible unless a business purpose can be shown. [5]Section 1.262-1(b) (5), Income Tax Regs. We are unable to find any business purpose served by the meals petitioner purchased while on extended duty. Nor are we able to distinguish these meals from meals petitioner purchased when on a normal 8 hour shift. *82 Louis Drill, 8 T.C. 902 (1947). The meals were purchased and eaten for the exclusive benefit of petitioner. That they were more costly than meals eaten at home makes no difference. We therefore hold that petitioner may not deduct his meal expenditures as ordinary and necessary business expenses within the purview of section 162(a). Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954 unless otherwise indicated.↩
2. SEC. 117. SCHOLARSHIPS AND FELLOWSHIP GRANTS. * * * (B) EXTENT OF EXCLUSION. - The amount of the scholarship or fellowship grant excluded under subsection (a) (1) in any taxable year shall be limited to an amount equal to $300 times the number of months for which the recipient received amounts under the scholarship or fellowship grant during such taxable year, except that no exclusion shall be allowed under subsection (a) after the recipient has been entitled to exclude under this section for a period of 36 months (whether or not consecutive) amounts received as a scholarship or fellowship grant while not a candidate for a degree at an educational institution (as defined in section 151(e) (4)).↩
3. It is interesting to note that in John F. Bayley, 35 T.C. 288, Jackson Memorial Hospital was held not to qualify as an educational institution within the meaning of sec. 151(e) (4), an additional requirement of sec. 117↩.
4. SEC. 119. MEALS OR LODGING FURNISHED FOR THE CONVENIENCE OF THE EMPLOYER. There shall be excluded from gross income of an employee the value of any meals or lodging furnished to him by his employer for the convenience of the employer, * * *.↩
5. Deductions are also available for meal expenses under secs. 212 and 217, though not relevant in the instant case.↩