JEREMY H. HANDELMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Handelman v. Commissioner
Docket No. 900-73.
United States Tax Court
T.C. Memo 1975-331; 1975 Tax Ct. Memo LEXIS 45; 34 T.C.M. (CCH) 1437; T.C.M. (RIA) 750331; November 6, 1975, Filed Jeremy H. Handelman, pro se. David W. Johnson, for the respondent. RAUM
MEMORANDUM FINDINGS OF FACT AND OPINION RAUM, Judge: The Commissioner determined a deficiency of $896.29 in petitioner's 1970 income tax. Only one of the Commissioner's adjustments is in issue, namely, his disallowance of a $3,600 exclusion from gross income claimed by petitioner as a fellowship grant under section 117(a)(1), I.R.C. 1954. FINDINGS OF FACT The parties have stipulated certain facts which, together with the accompanying exhibits, are incorporated herein by this reference. Jeremy H. Handelman ("petitioner") resided in *46 New York, New York, at the time the petition was filed. Petitioner was a student in the faculty of medicine of the free University of Brussels in Belgium, during the period 1962 to 1969. He was graduated from the University in 1969 with the degree of Doctor of Medicine, and returned to this country following his graduation. Immediately upon his return, he began his internship at the Mountainside Hospital, Montclair, New Jersey. Petitioner accepted an initial appointment as an intern at Mountainside for the period July 1, 1969 through June 30, 1970. After completing this one year internship, he accepted a second appointment, this time as a resident, for the period August 7, 1970 through August 6, 1971. Thus during the tax year in question, petitioner's association with the hospital may be represented as follows: Tax Year 1970 Month
Status
January through June
Intern
August through December
Resident
The Mountainside Hospital is a private, nonprofit institution which provides both patient care services and training programs for interns and residents. These programs meet the standards of the Council on Medical Education of the American Medical Association, *47 as set forth in the Council's publications, "Essentials of An Approved Internship", and "Essentials of Approved Residencies". In 1970-1971, the hospital paid "stipends" to interns and residents in the following amounts: Status
Amount
Intern $625 per month
Resident -- 1st Year $675 per month
Resident -- 2nd Year $700 per month
Resident -- 3rd Year $725 per month
Resident -- 4th Year $750 per month Thus, during 1970, petitioner was entitled to receive payments at the rate of $625 per month for the six months he was an intern, and $675 per month for the period he was a resident. The hospital withheld a portion of these amounts for Federal income and F.I.C.A. tax purposes without allowance for any exclusion. The hospital also provided meals, living quarters, laundry service and uniforms, professional liability insurance, hospitalization insurance and two weeks paid vacation per year, to interns and residents, including petitioner. Petitioner's duties, both as an intern participating in a rotating internship, and as a resident in internal medicine, were typical of those of interns and residents in similar programs throughout the country. For those patients *48 assigned to his care, petitioner performed physical examinations, recorded medical histories, diagnosed illnesses, prescribed treatments, maintained progress reports, and responded to emergency situations. As an intern, petitioner was also required to attend daily clinical conferences. These functions were performed under the supervision of, and in consultation with, more senior staff doctors. As a resident, petitioner was expected to supervise and consult with interns who needed his help. To perform these duties, petitioner worked regular daily hours and, additionally, was on call every third night and weekend as an intern, and every fourth night and weekend as a resident. Relying upon section 117 of the 1954 Code, petitioner excluded $3,600 from gross income on his 1970 return in respect of the total amount paid to him by the hospital in 1970. The Commissioner disapproved the exclusion, and ruled that the total amount which petitioner had received from the hospital represented "compensation for services rendered". OPINION Section 117(a)(1) permits a taxpayer to exclude from gross income amounts he receives "as a scholarship at an educational institution" or "as a fellowship *49 grant". Section 117(b)(2)(B) limits the allowable exclusion to $300 per month in the case of a fellowship recipient who is not a candidate for a degree. Claiming that his stipend was a fellowship within the meaning of section 117(a)(1), petitioner excluded $3,600 (the limit allowed by section 117(b)(2)(B)) from the gross income he reported in 1970. [1] We hold that the Commissioner correctly disallowed the exclusion. The general rule of section 117 is clear: A payment given in exchange for services is neither a scholarship nor a fellowship; instead, such a payment is taxable compensation. Stephen L. Zolnay,49 T.C. 389; Elmer L. Reese, Jr.,45 T.C. 407, affirmed per curiam 373 F. 2d 742 *50 (C.A. 4). The regulations, section 1.117-4(c), which set forth this definition have been specifically approved by the Supreme Court. Bingler v. Johnson,394 U.S. 741, 751. Within this framework, this Court has consistently held that stipends paid to medical interns and residents are compensation for the services which the doctors in training provide to the hospitals. E.g., Steven M. Weinberg, 64 T.C. ;Sheldon A. E. Rosenthal,63 T.C. 454. There is not a single factor in the case before us which could justify a different result here. The following characteristics of Dr. Handelman's internship and residency indicate that the "stipends" he received represented compensation for the work he performed: (1) The amount depended upon the recipient's level of training and not upon his economic status. Sheldon A. E. Rosenthal,supra,63 T.C. at 460; Geral W. Dietz,62 T.C. 578, 586; Aloysius J. Proskey,51 T.C. 918, 924; Coggins v. United States,26 AFTR 2d 70-5775, 5780, 70-2U.S.T.C. par. 9687, 84, 756; cf. Robert Henry Steiman,56 T.C. 1350, 1355 *51 (payment based on need implies fellowship). (2) The hospital withheld Federal income and F.I.C.A. taxes from the amounts paid to petitioner without allowance for any "fellowship" exclusion. Compare Steven M. Weinberg,supra, 64 T.C. at ,Jacob T. Moll,57 T.C. 579, 586, and Aloysius J. Proskey,supra,51 T.C. at 924, with Chander P. Bhalla,35 T.C. 13, 17-18. (3) In addition to the cash stipend, the hospital provided valuable fringe benefits to petitioner. Steven M. Weinberg,supra, 64 T.C. at ;Sheldon A. E. Rosenthal,supra,63 T.C. at 460; Irwin S. Anderson,54 T.C. 1547, 1552; Aloysius J. Proskey,supra,51 T.C. at 924. (4) Petitioner worked a regular daily schedule. Frederick Fisher,56 T.C. 1201, 1213. Petitioner's attempts to distinguish his internship and residency from those which we have examined in other cases were unpersuasive. [2] When questioned as to the facts underlying his assertions, petitioner admitted that there was little difference between his training and that provided in other hospitals. These admissions *52 are supported by the documentary exhibits which describe in great detail the duties of interns and residents at Mountainside Hospital. Decision will be entered for the respondent.
Footnotes
1. Since the exclusion is limited by section 117(b)(2)(B)↩ "to an amount equal to $300 times the number of months for which the recipient received amounts under the scholarship or fellowship grant during such taxable year", and since petitioner's internship and residency during 1970 covered a period of slightly less than 11 months, it is difficult to see how he could in any event qualify for more than an allocable portion of the full $3,600 exclusion.
2. We do not take seriously petitioner's argument that as an intern he could provide no service of value to the hospital because his lack of training made him "dangerous to the ultimate well-being of [his] patients".↩