**Deborah Bryant WILSON, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. KC–2968.**

United States District Court, D. Kansas.

Jan. 13, 1971.

Leonard O. Thomas, of Weeks, Thomas, Lysaught, Bingham & Johnston, Kansas City, Kan., and Leon B. Seck, of Campbell, Clark & Seck, Kansas City, Mo., for plaintiff.

Eugene D. Silverman, Atty., Department of Justice, Washington, D. C., Robert J. Roth, U. S. Atty., Wichita, Kan., Johnnie M. Walters, Asst. Atty. Gen., Washington, D. C., and Jerome Fink, Atty., Department of Justice, Washington, D. C., on the brief, for defendant.

## MEMORANDUM AND ORDER

ARTHUR J. STANLEY, Jr., Chief Judge.

This is an action for the refund of income tax which the plaintiff contends was illegally and erroneously assessed and collected for the tax years 1965 and 1966. Jurisdiction is premised on 28 U. S.C.A. § 1346(a). The matter is now before the court upon the defendant's motion for partial summary judgment.

The undisputed facts of record are that the plaintiff was a contestant in the pageant to select Miss America 1966. At the conclusion of one week of competition in Atlantic City, New Jersey the plaintiff won that contest. Three of the four national sponsors of the Miss America Pageant in 1965–66—Toni, Pepsi Cola and Oldsmobile Division of General Motors Company—each contributed to a scholarship fund from which the plaintiff was awarded $10,000. The rules of the pageant as explained in the depositions and exhibits accompanying this motion indicate that in order to receive the entire amount of the scholarship, Miss America must use the money for educational purposes, with one exception. If Miss America already has a college degree at the time of her selection, she is entitled to receive the entire amount in cash. If at any time before the scholarship amount is exhausted, Miss America graduates from college and presents evidence of a degree, she is entitled to the remainder of the fund in cash. (This is the situation existing in our case.) Should Miss America desire not to use her scholarship award for educational purposes, she may, under the rules and regulations of the pageant, elect to receive one-fifth of the scholarship fund in cash. The deponents whose testimony was offered in support of this motion testified that the $10,000 award, or in lieu thereof, the payment of one-fifth of that amount if the fund is not utilized for educational purposes, is automatically given to the winner of the contest. This is true whether or not she makes personal appearances on behalf of the sponsors of the pageant and others. Although there is testimony from which it might be inferred that the failure to make these personal appearances might have some effect upon the status of Miss America, it would not, according to the testimony of record, have any effect upon her right to receive the scholarship fund.

The questions presented in this case are (1) whether the plaintiff qualifies under the "major accomplishment" exception to the income averaging provisions of the Internal Revenue Code of 1954, sections 1301 through 1305, and the regulations promulgated thereunder, and thus may average the remuneration received for personal appearances during the years 1965 and 1966; and (2) whether the plaintiff's 1966 taxable in-

come should include $623 paid for her benefit (for educational expenses) from the trust fund administered and distributed by the Miss America Pageant. The defendant contends that this case presents only issues of law which are appropriate for disposition by means of summary judgment.

Before the income averaging provisions of the Internal Revenue Code may be utilized, the taxpayer must qualify as an eligible individual under 26 U.S.C.A. § 1303. The general rule to be satisfied in meeting the test of the eligible individual is that he must have furnished at least one-half of his support during each of four base period years. An exception to this general rule exists in the form of the "major accomplishment" rule, as set forth in 26 U.S.C.A. § 1303(c) (2) (B). That section provides that an individual need not have furnished more than one-half of his support in any of the base period years if:

"more than one-half of the individual's adjusted taxable income for the computation year is attributable to work performed by him in substantial part during 2 or more of the base period years * * *."

Treasury Regulation § 1.1303–1(c) (3) expands upon this part of the statute in the following terms:

"(3) *Major Accomplishment rule.* Notwithstanding the general rule * * * an individual may be an eligible individual for a computation year if more than 50 percent of his adjusted taxable income for the computation year is attributable to work performed by him in substantial part during two or more of his four base-period years. It is not necessary that the individual perform any of the work in his computation year."

■ It is the plaintiff's contention that she qualifies for income averaging under the major accomplishment exception because she participated in previous beauty contests and dramatic offerings, took dramatic and modeling courses, and engaged in modeling activities with the object of preparing herself for entry into the Miss America contest. These activities, the plaintiff contends, constituted "work," to which may be attributed in substantial part, the income which she seeks to average. It is no doubt true, as plaintiff asserts, that it is the Miss America title and the demand for the titleholder that is indirectly responsible for the income which she receives. However, the title, except for the scholarship, provides only the *opportunity* to earn income. The disputed income in this case was the result of appearances on behalf of various companies and organizations, all of which were made during the period of plaintiff's reign. She was being paid for these appearances, not for winning the title of Miss America, and it is beyond dispute that if she had not made these appearances she would not have received the income at issue. Although it may be true that the plaintiff received invaluable preparation for competition in the Miss America contest through her participation in the activities previously enumerated, and that she did these with the object of becoming Miss America, the work which actually produced the income was performed only during the period of her reign, and not in the years prior to her selection as Miss America. I am of the opinion that the question of the applicability of the major accomplishment rule to the undisputed material facts in this case is a question of law. It is the rule that when a statute provides an exception to the general rules governing the taxation of income, the taxpayer claiming its benefits must bring himself clearly within the congressional grant. United States v. Robertson, 190 F.2d 680 (10th Cir. 1951), aff'd, 343 U.S. 711, 72 S.Ct. 994, 96 L.Ed. 1237 (1952). This she has not done. I hold that plaintiff's participation in various activities with the object of achieving the title of Miss America was not "work," within the meaning of the major accomplishment rule.

■ The second issued raised by defendant's motion is whether, as a matter

of law, $623 paid to plaintiff by the pageant in 1966 was taxable gross income. This money was part of the $10,000 scholarship which the plaintiff received as a result of winning the Miss America contest. The general rule is that gross income includes all income, from whatever source derived. 26 U.S. C.A. § 61(a). Title 26 U.S.C.A. § 74(b) provides an exception to the general rule set forth in § 74(a) that gross income includes amounts received as prizes and awards. Awards or prizes are not includable in gross income if they were in recognition of some religious, scientific, civil or similar achievement, but only if two conditions are met, one of which the plaintiff clearly does not satisfy. This condition as set forth in 26 U.S.C.A. § 74(b) is that:

"(1) the recipient was selected without any action on his part to enter the contest or proceeding * * *."

The plaintiff testified on deposition that she participated in various activities with the object of entering the Miss America pageant, and it is beyond dispute that participation in this contest is on a voluntary basis. The plaintiff does not therefore qualify under this exception to the general rule of includability.

Section 74(a) contains another exception to the general rule of includability if the requirements of 26 U.S.C.A. § 117 are met. That section provides:

"(a) General rule.—In the case of an individual, gross income does not include—

(1) any amount received—

(A) as a scholarship at an educational institution * * *."

The government relies upon Treasury Regulation § 1.117–4(c) (1), which provides that amounts paid as compensation for past, present or future employment services are not to be considered scholarships. It contends that the scholarship award is partial payment for services rendered or to be rendered to the sponsors of the pageant who contributed the scholarship funds. It is elementary that on a motion for summary judgment, the court must view the record in the light most favorable to the party against whom the motion is sought. 6 Moore's Federal Practice § 56.15 [3] and cases there cited. The deposition of Ruth McCandliss, executive secretary of the Miss America Pageant, indicates that there are no conditions attached to the receipt of the scholarship requiring that Miss America either make appearances for the sponsors of the pageant or lose her scholarship. The following colloquy to that effect appears on page 23 of her deposition:

"Q Are there any type of conditions attached to the receipt of the scholarship?

A None whatsoever.

Q Then if Miss America were to decide after a month that she was not going to make these personal appearances any more, would she still receive the scholarship, the $10,000 scholarship?

A Yes.

Q None of it would be forfeited?

A None."

The testimony of Miss McCandliss later recited at page 28 of her deposition a previous instance in which a Miss America did not follow the usual practice of making appearances on behalf of sponsors of the pageant:

"A Miss America in 1947 elected to return to college and graduate during the year of her reign, and she did so. She made a few appearances as she chose to make them. But her scholarship money was hers and paid her school bills."

Although the testimony of another deponent, Mr. Fiore, is more favorable to the government's position on this issue, I do not believe that the court should grant summary judgment on this state of the record. It may be that on the trial of the case, further examination of the witnesses will indicate that a determination of this issue as a matter of law is appropriate, but it is not presently ripe for such disposition.

It is ordered that the defendant's motion for partial summary judgment be granted to the extent that plaintiff attempted to utilize the income averaging provisions of the Internal Revenue Code, 26 U.S.C.A. § 1301 *et seq.*; and

It is further ordered that defendant's motion for partial summary judgment on the issue of the includability in plaintiff's gross income of $623 paid in 1966 for educational expenses be denied.