MISS GEORGIA SCHOLARSHIP FUND, INC., PETITIONER v.
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 5127–78X.     Filed May 1, 1979.

*S. Davis Laney,* for the petitioner.
*Bernard B. Kornmehl,* for the respondent.

## OPINION

QUEALY, *Judge:* Respondent determined that petitioner does not qualify for exemption from Federal income tax under section 501(c)(3).[1] Petitioner challenges respondent's determination and has invoked the jurisdiction of this Court for a declaratory judgment pursuant to section 7428. The issue presented to us is whether petitioner is operated exclusively for charitable, religious, or educational purposes within the meaning of section 501(c)(3) of the Code.

This case was submitted for decision on the stipulated administrative record under Rule 122, Tax Court Rules of Practice and Procedure. The stipulated administrative record is incorporated herein by this reference. The evidentiary facts and representations contained in the administrative record are assumed to be true for purposes of this proceeding.

Miss Georgia Scholarship Fund, Inc. (hereinafter referred to as petitioner), is a Georgia nonprofit corporation, incorporated

---

[1] All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise stated.

and organized under the laws of the State of Georgia on December 11, 1973. Petitioner's stated purposes are as follows:

To solicit, receive, hold, manage, control, disburse and generally administer property, funds and monies for the principal purpose of providing educational scholarships to contestants of the annual Miss Georgia Pageant; to receive donations and agree upon the conditions thereof with donors for purposes within these Articles of Incorporation; to invest the funds of the Corporation in such property, real and personal, as the Board of Trustees may, from time to time, in their discretion determine; to engage in public or private fund raising activities, not prohibited by law, to further the purposes of the Corporation * * *

Petitioner conducts its operations in affiliation with the Miss Georgia Pageant Corp. (hereinafter referred to as Georgia Pageant). The latter is a nonprofit corporation, incorporated under the laws of the State of Georgia in November 1964. The purpose of Georgia Pageant is to select a Miss Georgia each year and to promote the City of Columbus and the State of Georgia. Georgia Pageant is an organization described under section 501(c)(4).

The articles of incorporation of petitioner require that a majority of its board of trustees at all times be members of the board of Georgia Pageant.

Petitioner affords the way for citizens of Georgia to assist the Miss Georgia Pageant in meeting its challenges for scholarship expansion to attract Georgia's most talented young ladies to participate in the Miss Georgia Pageant.

The Miss Georgia Pageant stresses "scholarships" because a better "scholarship" program will better the quality of contestants who seek the Miss Georgia crown.

All participants in the Miss Georgia Pageant must complete the Miss Georgia Pageant Contestant Contract (hereinafter referred to as the contestant contract).

Every contestant in the Miss Georgia Pageant is a recipient of remuneration designated as a "scholarship." These "scholarships" are paid solely to recognized educational institutions attended by the contestants. However, "scholarships" will not be available to contestants who fail to execute the contestant contract with Georgia Pageant.

The contestant contract places the following requirements upon all participants in the Miss Georgia Pageant:

(1) Contestant agrees to participate in the series of events leading up to the final selection of Miss Georgia and to abide by and be bound by the rules and regulations governing the Miss Georgia Pageant and the awarding and supervision of the Miss Georgia scholarships and other prizes.

(2) Contestant in the finals of the Miss Georgia Pageant shall participate in all public appearances required of contestant by the Pageant officials such as telecasts, radio broadcasts, and moving pictures of all or any part of the events in connection with the finals.

(3) Contestant authorizes the "State Pageant" and anyone duly licensed by it to televise, broadcast, and take moving pictures of her singly or in a group.

(4) Contestant will furnish to "State Pageant" an official questionnaire properly filled out.

(5) Contestant, to assist her sponsor, must furnish to Georgia Pageant six black and white glossy photographs of contestant consisting of head and shoulder front view poses in evening dress.

On April 23, 1975, petitioner mailed Department of Treasury Form 1023 to the District Director of the Internal Revenue Service in Atlanta, Ga., requesting a ruling that it was an exempt organization within the meaning of section 501(c)(3).

On February 14, 1978, the Internal Revenue Service issued a final adverse ruling letter to petitioner denying it exempt status under section 501(c)(3).

Our consideration will be restricted to the reasons set forth by respondent in his adverse ruling from which this appeal was taken. Respondent determined that petitioner failed to qualify under section 501(c)(3) for the following reasons:

The scholarships that you award the participants in the Miss Georgia Beauty Pageant constitute the payment of compensation within the meaning of section 117 of the Code * * * Thus, you are paying compensation for services rendered to the Miss Georgia Beauty Pageant which is exempt under section 501(c)(4) of the Code. This flow of funds from a section 501(c)(3) organization to a section 501(c)(4) organization constitutes a non-exempt purpose in that such payments are for the general support of the section 501(c)(4) organization.

The principal issue for our decision is whether the purported "scholarships" granted by petitioner are exempt under section

117(a)[2] or section 74,[3] or whether such "scholarships" are compensatory in nature and therefore covered by section 1.117–4(c)(1), Income Tax Regs.[4]

A similar issue was presented in *Wilson v. United States*, 322 F. Supp. 830 (D. Kans. 1971). The sum of $653 was paid to the plaintiff for her educational expenses as the winner of the "Miss America" contest. Defendant, in the motion for summary judgment, claimed that the amount in question did not qualify as a scholarship and could not be excluded from gross income under section 74 and section 117, as interpreted by section 1.117–4(c)(1), Income Tax Regs. In that case, the Court denied defendant's motion for summary judgment because the record was unclear as to whether the plaintiff would forfeit her scholarship if she did not fulfill the terms of her contract as a contestant.

This proceeding in which the Court is limited to the administrative record is analogous to the situation in *Wilson v. United States, supra.* However, based upon the record before us, the Court must conclude that the scholarships awarded to the contestants in the Miss Georgia Pageant are forfeitable. Each contestant as a quid pro quo for services rendered under the contestant contract is compensated in the form of a "scholarship." To those contestants who fail to execute the contestant contract with Georgia Pageant, these "scholarships" are not

---

[2]SEC. 117. SCHOLARSHIPS AND FELLOWSHIP GRANTS.

(a) GENERAL RULE.—In the case of an individual, gross income does not include—

(1) any amount received—

(A) as a scholarship at an educational organization described in section 170(b)(1)(A)(ii), or

(B) as a fellowship grant, including the value of contributed services and accommodations;
* * *

[3]SEC. 74. PRIZES AND AWARDS.

(a) GENERAL RULE.—Except as provided in subsection (b) and in section 117 (relating to scholarships and fellowship grants), gross income includes amounts received as prizes and awards.

(b) EXCEPTION.—Gross income does not include amounts received as prizes and awards made primarily in recognition of religious, charitable, scientific, educational, artistic, literary, or civic achievement, but only if—

(1) the recipient was selected without any action on his part to enter the contest or proceeding; and

(2) the recipient is not required to render substantial future services as a condition to receiving the prize or award.

[4]Sec. 1.117–4 Items not considered as scholarships or fellowship grants.

The following payments or allowances shall not be considered to be amounts received as a scholarship or a fellowship grant for the purpose of section 117:

\* \* \* \* \* \* \*

(c) *Amounts paid as compensation for services or primarily for the benefit of the grantor.* (1) Except as provided in paragraph (a) of § 1.117–2, any amount paid or allowed to, or on behalf of, an individual to enable him to pursue studies or research, if such amount represents either compensation for past, present, or future employment services or represents payment for services which are subject to the direction or supervision of the grantor.

available. Thus, by refusing to sign the contestant contract, a contestant will *forfeit* her right to receipt of the "scholarship."

In our opinion, it is immaterial whether the relationship between Georgia Pageant and the contestant is that of employer and employee. The fact remains that the "scholarship" grant is compensatory in nature—payment for the contestant's agreement to perform the requirements of the contestant contract. A scholarship for compensation is not a scholarship within the meaning of section 117. See Rev. Rul. 68–20, 1968–1 C.B. 55; *Bingler v. Johnson,* 394 U.S. 741 (1969); *Parr v. United States,* 469 F.2d 1156 (5th Cir. 1972); *Hembree v. United States,* 464 F.2d 1262 (4th Cir. 1972).

Petitioner also argues that the determination of whether the "scholarships" are excludable under section 117 or section 74 is not indicative of petitioner's qualifications as an exempt organization under section 501(c)(3). However, if the primary purpose of the scholarships is compensatory as we have so found, then petitioner does not qualify for exempt status under section 501(c)(3). Petitioner is affiliated with and is operated for the purpose of providing compensatory payments on behalf of Georgia Pageant so as to attract a high quality of contestants to enter the Miss Georgia Pageant. Therefore, petitioner is not operated *exclusively* for any of the permissible purposes enumerated in section 501(c)(3) and should not be classified as an exempt organization. See *Christian Manner International, Inc. v. Commissioner,* 71 T.C. 661 (1979); *Church in Boston v. Commissioner,* 71 T.C. 102 (1978); *B.S.W. Group, Inc. v. Commissioner,* 70 T.C. 352 (1978); *Better Business Bureau v. United States,* 326 U.S. 279 (1945).

We conclude that petitioner was not operated exclusively for a purpose exempt under section 501(c)(3), and so the exemption was properly denied by respondent.

*Decision will be entered for the respondent.*